IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
DEJA MARIE J, a minor, by and           No   C-05-4788 VRW
through her guardian ad litem,
JERRY J,                                     ORDER
          Plaintiff,

          v

SAN FRANCISCO UNIFIED SCHOOL
DISTRICT, et al,

          Defendants.
                                        /
```

      Deja Marie J was a student at the Treasure Island Elementary School ("the school"), which is part of the San Francisco Unified School District ("the district"). Doc #1 (Complaint) ¶¶ 13-15. On February 2 and 3, 2005, Deja was allegedly sexually and physically assaulted by a fellow student. Id ¶¶ 15-19. On November 22, 2005, Deja filed suit via her father Jerry J against the district, the district's superintendent Arlene Ackerman and the school's vice-principal Spearmon. The complaint included, inter alia, a 42 USC § 1983 claim alleging that Spearmon deprived Deja of equal protection and of her right under Title IX to be free from sexual and physical assault and harassment. Id ¶¶ 39-42.

On November 30, 2005, the court approved Jerry J's petition to be appointed guardian ad litem of Deja. Doc #5. On February 8, 2006, plaintiff's counsel, Matthew Kumin, informed the court that the parties had reached a tentative settlement pursuant to a mediation held on December 15, 2005. Doc #7. Because Deja is a minor and her attorney seeks fees and costs from the recovery, Jerry J now moves for a court order approving the minor's compromise. Doc #8.

"It has long been established that the court in which a minor's claims are being litigated has a duty to protect the minor's interests." Salmeron v United States, 724 F2d 1357, 1363 (9th Cir 1983). Hence, "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." Id (citation omitted).

No federal statute appears to govern how a court should review a petition to compromise a minor's § 1983 claim. Other courts have turned to state law to determine whether a minor's compromise is fair and whether attorney's fees awarded from the settlement are reasonable. See Nice v Centennial Area School, 98 F Supp 2d 665, 668-69 (ED Pa 2000). Cf Wilson v Garcia, 471 US 261, 267 (1985) (for § 1983 claims, borrowing the state statute of limitations for personal injury actions); 42 USC § 1988 (noting that when no suitable federal law exists, "the common law, as modified and changed by the constitution and statutes of the [forum state], so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to

and govern the said courts in the trial and disposition of the cause * * *."). Relying on state law seems especially appropriate here, given that "matters of concern to the family unit, including the well-being of minors, traditionally have been of utmost interest to the individual states." Nice, 98 F Supp 2d at 669. Accordingly, the court applies California law when evaluating the compromise of Deja's claim.

California law requires the court to make an "order authorizing and directing that such reasonable expenses * * *, costs, and attorney fees, as the court shall approve and allow therein" be paid out of the settlement proceeds. Cal Prob Code § 3601(a); Curtis v Fagan, 82 Cal App 4th 270, 98 Cal Rptr 2d 84, 90-91 (2000). The statute "bestows broad power on the court to authorize payment from the settlement — to say who and what will be paid from the minor's money * * *." Goldberg v Superior Court, 23 Cal App 4th 1378, 28 Cal Rptr 2d 613, 614-15 (1994) (relying on the "plain language of the statute permit[ting] the court to make an order authorizing 'such reasonable expenses' as it 'shall approve and allow'"). The court's role in approving a minor's compromise is to "assure that whatever is done is in the minor's best interest" and that "the compromise is sufficient to provide for the minor's injuries, care and treatment." Id at 615.

The present petition for compromise fails to demonstrate that Deja's interests have been adequately protected. Kumin has not submitted any evidence concerning the extent of Deja's injuries, her current medical needs or the cost of such needs in the future. In fact, Kumin's declaration noted that he had "some misgivings about the amount of the settlement" but that he "did not

3

Case 3:05-cv-04788-VRW   Document 16   Filed 08/11/06   Page 4 of 7

believe it would have been in the best interests of the minor child psychologically and emotionally, to go through depositions and a trial * * *." Doc #9 at 2. Without any basis to compare the measure of proposed recovery against Deja's damages and anticipated need, the court cannot determine whether the proposed settlement "is sufficient to provide for the minor's injuries, care and treatment." Goldberg, 28 Cal Rptr at 615.

With respect to attorney's fees, the fee arrangement governing this case provides for a one-third contingency fee after first deducting costs if the case settles prior to a case management conference, as in the present case. Ex #9, ¶ 3; id, Ex 2, ¶¶ 7, 9. The settlement amount here is $10,000; Kumin contends that he has costs of $250 and requests a contingency fee of $3,333.33. Doc #8, ¶ 10; Doc #9, ¶¶ 3, 6.

As a preliminary matter, the court notes that the requested fee does not correlate with the fee arrangement's terms. The arrangement states, "Attorney will deduct their [sic] costs then take a percentage of the remaining amount as compensation for their Attorney' [sic] fees." Doc #9, Ex 2, ¶ 9. Applying the 1/3 contingency fee rate to $9750, which is the settlement value after deducting costs, the contingency fee should be $3,250, not $3,333.33.

More importantly, California law provides that "[a] contract for attorney's fees for services in litigation, made by or on behalf of a minor, is void unless the contract is approved, on petition by an interested person, by the court in which the litigation is pending or by the court having jurisdiction of the guardianship estate of the minor." Cal Fam Code § 6602. Although

4

the court appointed Jerry J as guardian *ad litem* (Doc #5) and Jerry J appears to have entered into the contingent fee contract for counsel's services, the court is unaware of having approved any such agreement or that any other court with jurisdiction approved the contingency fee contract. "[A] minor, who must appear through a guardian, is not bound by admissions [or other material decisions] of the guardian ad litem that have not been approved by the court." <u>Torres v Friedman</u>, 169 Cal App 3d 880, 215 Cal Rptr 604, 608 (1985) (holding that an attorney's withdrawal from a minor's representation must be accomplished by court order). Accordingly, the contingency fee arrangement here appears to be without legal effect or consequence. See also <u>All-West Design, Inc v Boozer</u>, 183 Cal App 3d 1212, 228 Cal Rptr 736, 744 (1986) (explaining that a contingency fee agreement was not controlling because "[t]he court's decision must be based upon reasonableness").

   California law also provides that "[i]f the contract is not approved and a judgment is recovered by or on behalf of the minor, the attorney's fees chargeable against the minor shall be fixed by the court rendering the judgment." Cal Fam Code § 6602. Along with section 3600 of the Probate Code, these provisions require the court to assess independently how much can be paid from the minor's proposed settlement for attorney's fees and costs.

   "The determination of reasonable attorney fees is committed to the sound discretion of the trial court, which is in the best position to judge the value of professional services rendered in its court." <u>Olson v Cohen</u>, 106 Cal App 1209, 131 Cal Rptr 2d 620, 627 (2003) (construing agreement between parties for

5

recovery of reasonable attorney fees). Among the factors the court may consider are "the nature of the litigation, its difficulty, the amount involved in the litigation, the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, the attorney's learning and experience, the intricacies and importance of the litigation, the labor necessary, and the time consumed." Id.

As the California Supreme Court has observed, this inquiry "ordinarily begins with the 'lodestar,' i e, the number of hours reasonably expended multiplied by the reasonable hourly rate." PLCM Grp v Drexler, 22 Cal 4th 1084, 95 Cal Rptr 2d 198, 206 (2000). "The reasonable hourly rate is that prevailing in the community for similar work. The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." Id (internal citations omitted). The Ninth Circuit also permits the lodestar test for determining a reasonable attorney's fee award in common fund cases. See, e g, In re Washington Public Power Supply Systems Sec Lit, 19 F3d 1291, 1296 (9th Cir 1994).

Hence, to determine what attorney's fees are reasonable here, the court must consider both the number of hours that can be reasonably attributed to prosecuting this case on the minor's behalf and the reasonable rate such services entail. But neither plaintiff's petition (Doc #8) nor Kumin's declaration (Doc #9) address these issues.

//
//

Now, to be sure, in light of the modest recovery here, a one-third fee does not seem at first glance to be out-of-bounds, assuming the amount of the recovery is reasonable under the circumstances. That has yet to be demonstrated. To allow plaintiff and her counsel to obtain approval to the fee contract and show that the settlement is reasonable, the court VACATES the June 22, 2006, hearing and allows plaintiff until July 7, 2006, to serve and file an application for approval of the fee contract and further memorandum in support of the reasonableness of the settlement. Upon the service and filing of the foregoing, the matter will stand submitted unless the court otherwise orders.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge