IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJA MARIE J, a minor, by and through her *guardian ad litem*, JERRY J,<br><br>      Plaintiff,<br><br>      v<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT, et al,<br><br>      Defendants.<br>_____/ | No   C-05-4788 VRW<br><br>ORDER |

      Jerry J, *guardian ad litem* for his daughter Deja Marie J, petitioned the court for an order approving the compromise of Deja's claims in this case. Doc #8. Because plaintiff did not demonstrate that the proposed recovery or attorney fees were reasonable, the court permitted plaintiff "to serve and file an application for approval of the fee contract and further memorandum in support of the reasonableness of the settlement." Doc #12 (6/21/06 order) at 7. On June 26, 2006, plaintiff filed a memorandum in support of the reasonableness of the settlement agreement (Doc #13), a declaration from Jerry J (Doc #14) and a declaration from Matthew Kumin (Doc #15).

//

Based on these filings, the court concludes that the proposed settlement of $10,000, of which Deja would receive $6,500 and Kumin would receive $3,250 in attorney fees and $250 for the filing fee, is reasonable. Doc #9 at 2; Id, Ex 2, ¶¶ 7, 9; Doc #13 at 3. But with Deja's interest in mind, the court requires Jerry J or Kumin to file documentation indicating that Deja's settlement payment has been, as promised, placed into a trust for Deja's use upon reaching age eighteen.

I

"[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." Salmeron v United States, 724 F2d 1357, 1363 (9th Cir 1983) (citation omitted). As noted in the court's prior order, the court applies California law when evaluating the proposed settlement and attorney fees. See 6/21/06 order at 2-3.

A

Addressing the decision to settle for $10,000, California law requires the court to "assure that whatever is done is in the minor's best interest" and that "the compromise is sufficient to provide for the minor's injuries, care and treatment." Goldberg v Superior Court, 23 Cal App 4th 1378, 28 Cal Rptr 2d 613, 615 (1994).

//
//

2

The present settlement appears to be in the minor's best interest. Kumin states in his declaration that "given the age of the minor, the difficulties of deposing a six year old (and her six and seven year old classmates) and the re-traumatizing effect for her of re-living the events, I decided, in consultation with the Guardian, that the settlement was reasonable and more importantly, settling would avoid requiring testimony from [Deja] and her classmates." Doc #15, ¶3. Moreover, Jerry J unsuccessfully searched for "some time to find an attorney willing to represent [him] and [his] daughter" before finding Kumin (Doc #14, ¶2); this bolsters Kumin's assertion that "[c]ases such as this one are difficult to litigate" and involve "major hurdles" (Doc #15, ¶5). For these reasons, settlement of this case appears to have been entirely reasonable.

The settlement also appears sufficient to provide for Deja's injuries, care and treatment. Kumin represents that while "only long term counseling will help [Deja] root out the emotional problems [the alleged assault] has cause[d] * * * this counseling is available to her so long as her father keeps her with him and arranges for sessions through the state's medical programs for the needy and indigent." Doc #13 at 4. Given the availability of free medical care, Jerry J states that it is his intention to place the $6,500 that Deja would receive from this settlement into a "blocked account for the minor's benefit until she turns eighteen," Doc #8 at 2, at which time "the funds should have at least doubled and will assist the minor in pursuing higher education." Doc #13 at 3.

This court agrees that Deja's potential medical and other expenses appear to have been addressed by this settlement.

3

Accordingly, the court approves the settlement but requires Jerry J or Kumin to file documentation demonstrating that Deja's settlement payment has been, as promised, placed into a trust for Deja's use upon reaching age eighteen.

### B

The court now considers Kumin's fees and expenses totaling $3,500. California law requires the court to make an "order authorizing and directing that such reasonable expenses * * *, costs, and attorney fees, as the court shall approve and allow therein" be paid out of the settlement proceeds. Cal Prob Code § 3601(a); <u>Curtis v Fagan</u>, 82 Cal App 4th 270, 98 Cal Rptr 2d 84, 90-91 (2000). The statute "bestows broad power on the court to authorize payment from the settlement —- to say who and what will be paid from the minor's money." <u>Goldberg</u>, 28 Cal Rptr 2d at 614-15.

"The determination of reasonable attorney fees is committed to the sound discretion of the trial court, which is in the best position to judge the value of professional services rendered in its court." <u>Olson v Cohen</u>, 106 Cal App 1209, 131 Cal Rptr 2d 620, 627 (2003) (construing agreement between parties for recovery of reasonable attorney fees). Among the factors the court may consider are "the nature of the litigation, its difficulty, the amount involved in the litigation, the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, the attorney's learning and experience, the intricacies and importance of the litigation, the labor necessary, and the time consumed." Id.

As the California supreme court has observed, this inquiry "ordinarily begins with the 'lodestar,' i e, the number of hours reasonably expended multiplied by the reasonable hourly rate." PLCM Grp v Drexler, 22 Cal 4th 1084, 95 Cal Rptr 2d 198, 206 (2000). "The reasonable hourly rate is that prevailing in the community for similar work. The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." Id (internal citations omitted). The Ninth Circuit also permits the lodestar test for determining a reasonable attorney fee award in common fund cases. See, e g, In re Washington Public Power Supply Systems Sec Lit, 19 F3d 1291, 1296 (9th Cir 1994).

First, the court finds that Kumin's assertion that he "spent approximately 56 hours" working on this case is reasonable. Doc #15, ¶2. Kumin appears to have taken a strong interest in the case and resolved the matter in mediation despite defendants' initial rejection of Deja's claims. Doc #13 at 2. Kumin's actions in this case included, inter alia, interviewing witnesses, drafting the complaint and mediation statement, conducting legal research and attending the mediation. Doc #9 at 2. Fifty-six hours for this work is not out-of-bounds.

Kumin's asserted hourly rate is also reasonable. Kumin has been licensed to practice in California for over 10 years and has successfully completed "over 50 civil rights cases filed in numerous California state and federal courts." Doc #15, ¶ 7. He contends that his standard rate is $300 per hour. Doc #13 at 5. Dividing the proposed $3,250 in attorney fees here by 56 hours

5

1 yields an hourly rate of just $58.03.  Given Kumin's experience and
2 the relatively modest rate that Kumin requests here, the court
3 concludes that the requested hourly rate is reasonable.
4      Because Kumin worked a reasonable number of hours on this
5 case and his proposed hourly rate is reasonable, the court
6 concludes that the proposed attorney fees are reasonable.

8      II
9      Accordingly, the court GRANTS Jerry J's petition for
10 compromise of Deja J's claims and APPROVES the $10,000 settlement
11 agreement, $6,500 of which goes to Deja and $3,500 of which goes to
12 Matthew Kumin for attorney and filing fees.  Once the $6,500
13 settlement payment has been distributed to Deja, the court ORDERS
14 Jerry J or Kumin to file documentation with the court indicating
15 that the money was deposited, as promised, into a "blocked account
16 for the minor's benefit until she turns eighteen."  Doc #8 at 2.

18      IT IS SO ORDERED.

                    VAUGHN R WALKER
                    United States District Chief Judge